Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000671
05-JUN-2018
07:54 AM

NO. CAAP-16-0000671

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI,
Plaintiff-Appellee,
v.
DAVID R. KASTY, also known as David Kasdy,
Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 16-1-0403)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Defendant-Appellant David R. Kasty (Kasty) appeals from the "Judgment of Conviction and Sentence" entered on September 14, 2016 in the Circuit Court of the First Circuit (circuit court).[1] The State of Hawaiʻi (State) charged Kasty with one count of Assault in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 707-711(1)(a), and/or (b), and/or (d). After a jury trial, Kasty was found guilty as charged. The circuit court sentenced Kasty to a term of imprisonment of five years.

On appeal, Kasty raises two points of error. First, Kasty contends that the circuit court committed reversible error when it failed to instruct the jury that if they found Kasty not guilty under HRS § 707-711(1)(d), of intentionally or knowingly causing bodily injury to the complaining witness (CW) with a dangerous instrument, or they were unable to reach a unanimous

---

[1] The Honorable Dexter D. Del Rosario presided.

verdict as to that offense, then they were required to consider whether Kasty was guilty or not guilty under HRS § 707-712(1)(b), of the included offense of negligently causing bodily injury to CW with a dangerous instrument. Second, Kasty contends that the circuit court deprived Kasty of his constitutional right to testify when it failed to take steps to ensure that he knowingly and intelligently waived his right to testify in his own defense.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we vacate and remand the case for a new trial.

Kasty first argues that the circuit court committed reversible error when it failed to instruct the jury on Assault in the Third Degree pursuant to HRS § 707-712(1)(b), because it is a lesser-included offense of Assault in the Second Degree pursuant to HRS § 707-711(1)(d). Our supreme court has held that

> [i]ndeed, with respect to instructions on lesser-included offenses, it is axiomatic that "providing instructions on all lesser-included offenses with a rational basis in the evidence is essential to the performance of the jury's function." *State v. Stenger*, 122 Hawai'i 271, 296, 226 P.3d 441, 466 (2010) (citing [State v. Haanio, 94 Hawai'i 405, 415, 16 P.3d 246, 256 (2001)]). Thus, pursuant to this court's precedent, jury instructions on lesser-included offenses must be given where there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense. *Id.*

State v. Flores, 131 Hawai'i 43, 51, 314 P.3d 120, 128 (2013). First, we must determine whether the court erred in failing to give the lesser-included offense jury instruction.

Under HRS § 701-109(4)(c), one offense is included in another if "[i]t differs from the offense charged only in the respect that . . . a different state of mind indicating lesser degree of culpability suffices to establish its commission." As noted, Kasty was charged with, and subsequently convicted of Assault in the Second Degree, in violation of HRS § 707-711 (1)(a), (b), and/or (d), which states:

> (1)    A person commits the offense of assault in the second degree if:
>
>     (a)    The person intentionally, knowingly, or recklessly causes substantial bodily injury to

another;

> (b)    The person recklessly causes serious bodily
>         injury to another;
>
> . . .
>
> (d)    The person intentionally or knowingly causes
>        bodily injury to another with a dangerous
>        instrument;
>
> . . . .

The offense of Assault in the Third Degree, in violation of HRS §
707-712(1)(b), states:

> (1)    A person commits the offense of assault in the third
>        degree if the person:
>
> . . .
>
> (b)    Negligently causes bodily injury to another
>        person with a dangerous instrument.

Accordingly, we agree with Kasty's contention that
Assault in the Third Degree, in violation of HRS § 707-712(1)(b),
is a lesser-included offense of Assault in the Second Degree, in
violation of HRS § 707-711(1)(d), as it differs from the offense
charged only in the respect that it involves a negligent state of
mind, "a different state of mind indicating lesser degree of
culpability" than an intentional or knowing state of mind.[2]

Having established that Assault in the Third Degree
(negligently causing bodily injury to another person with a
dangerous instrument) is a lesser-included offense of Assault in
the Second Degree (intentionally or knowingly causing bodily
injury to another with a dangerous instrument), we next must
consider the omission of the jury instructions on Assault in the
Third Degree (negligently causing bodily injury to another person
with a dangerous instrument) and "whether, when read and
considered as a whole, the instructions given are prejudicially
insufficient, erroneous, inconsistent or misleading." Flores,
131 Hawai'i at 57-58, 314 P.3d at 134-35 (quoting State v.
Sawyer, 88 Hawai'i 325, 329, 966 P.2d 637, 641 (1998)).

In considering the omission of jury instructions, the

---

[2]    The commentary on HRS § 702-206 provides that "[o]f the four
states of mind which this Code recognizes as sufficient for penal liability,
['intentionally,' 'knowingly,' 'recklessly,' and 'negligently,'] negligence is
the least condemnable because, by hypothesis, the defendant was inadvertent."

supreme court has noted that "jury instructions on lesser-included offenses must be given where there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense." Id. at 51, 314 P.3d at 128 (citing Haanio, 94 Hawai'i at 415, 16 P.3d at 256). Here, there was a rational basis for the jury to acquit Kasty of Assault in the Second Degree and convict him of Assault in the Third Degree. At trial, evidence was produced that Kasty had stabbed CW with a knife, causing a one-and-a-half inch laceration on CW's back. While we acknowledge the lack of eyewitness testimony and direct evidence regarding Kasty's state of mind at the time of the alleged assault, we nonetheless conclude that the circumstantial evidence produced could have supported a conclusion that the stabbing was done negligently. See HRS § 702-206(4). For instance, a witness testified that after the alleged stabbing occurred, Kasty apologized "countless" times to the security officer who had detained him. There was also evidence that after Kasty was arrested, he appeared to be upset and intoxicated.

Based on the foregoing, the "Judgment of Conviction and Sentence" entered on September 14, 2016 in the Circuit Court of the First Circuit is vacated and remanded for a new trial.[3]

DATED: Honolulu, Hawai'i, June 5, 2018.

On the briefs:

William H. Jameson, Jr.
Deputy Public Defender,
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[3] Because we are vacating and remanding this case for a new trial, we need not address Kasty's second point of error.

4